

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KONINKLIJKE NUMICO N.V. and
NUTRICIA USA, INC., as successor to
NUTRICIA UTAH, L.P.,

        Plaintiffs,

        v.

KEB ENTERPRISES, L.P., MADELEINE
L.L.C., G³ HOLDING 1, L.C.,
NUTRITIONAL SUPPLEMENT
INVESTORS L.L.C., VLE IX, LTD.,
WINDRIVER CAPITAL LIMITED/ICGL,
DAB INVESTMENTS, L.P., GLENN J.
BOSCHETTO, KENNETH and LINDA
BRAILSFORD, S. PETER EHRICH, BLAKE
H. LARSEN, CALVIN W. MCCAUSLAND,
ANDREY SHORIN, KURT B. LARSEN,
STEVEN C. APPLE, G. PAULO
BANGERTER, VLADIMIR BANKIN,
BARRY BARNUM, RICHARD and WENDY
BIZZARO, BARRY C. BORTHISTLE,
JOHN ROBERT BRAILSFORD, KENNETH
RAY BRAILSFORD, REBECCA
BRAILSFORD, STEVEN JAMES
BRAILSFORD, NOLAN L. BUTTARS,
SANDY and ANN COLEMAN, SANDY
COLEMAN, SHERI B. CUTLER, DWAYNE
L. DYER, PAUL T. FRAMPTON, AARON
GARRITY, DAVID J. HAWKINS,
SPENCER K. HILL, LISA B. JANDA,
JAMES A. KOSSERT, KENT W. LARSEN,
THOMAS W. MACDONALD, DAVID
MASTROIANNI, GORDON MORTON, JR.,
RONALD S. OTTERSTROM, BARBRA D.
SHARPE, DAVID SHURTLIFF, DENNIS G.
SMITH, CATHERINE STRINGHAM and
WILLIAM STRINGHAM,

        Defendants.

C.A. No. 02-CV-1529 (GMS)

## DEFENDANTS' ANSWER TO AMENDED COMPLAINT

Defendants KEB Enterprises, L.P., Madeleine L.L.C., $G^3$ Holding 1, L.C., Nutritional Supplement Investors L.L.C., VLE IX, LTD., Windriver Capital Limited/ICGL, DAB Investments, L.P., Glenn J. Boschetto, Kenneth and Linda Brailsford, S. Peter Ehrich, Blake H. Larsen, Calvin W. McCausland, Andrey Shorin, Kurt B. Larsen, Steven C. Apple, G. Paulo Bangerter, Vladimir Bankin, Barry Barnum, Richard and Wendy Bizzaro, Barry C. Borthistle, John Robert Brailsford, Kenneth Ray Brailsford, Rebecca Brailsford, Steven James Brailsford, Nolan L. Buttars, Sandy and Ann Coleman, Sandy Coleman, Sheri B. Cutler, Dwayne L. Dyer, Paul T. Frampton, Aaron Garrity, David J. Hawkins, Spencer K. Hill, Lisa B. Janda, James A. Kossert, Kent W. Larsen, Thomas W. Macdonald, David Mastroianni, Gordon Morton, Jr., Ronald S. Otterstrom, Barbra D. Sharpe, David Shurtliff, Dennis G. Smith, Catherine Stringham and William Stringham (together, the "Former Enrich Shareholders"), by and through their attorneys, Klehr, Harrison, Harvey, Branzburg & Ellers LLP and Schulte Roth & Zabel LLP, as their answer to Plaintiffs' Amended Complaint, dated May 7, 2003 (the "Amended Complaint"), and their affirmative defenses thereto, allege as follows:

1.      Admit that Plaintiffs purport to seek indemnification from the Former Enrich Shareholders pursuant to the Indemnification Agreement entered on or about February 29, 2000 (the "Indemnification Agreement"); admit the allegations contained in the third, fourth and sixth sentences of Paragraph 1 of the Amended Complaint; deny the allegations contained in the second, fifth, seventh and eighth sentences of Paragraph 1 of the Amended Complaint.

2.      Admit, upon information and belief, the allegations contained in Paragraph 2 of the Amended Complaint.

3.      Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 3 of the Amended Complaint.

4.      Admit that Kenneth and Linda Brailsford are general partners of KEB Enterprises, a Utah limited partnership; otherwise deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 4 of the Amended Complaint; admit the allegations contained in the third and fourth sentences of Paragraph 4 of the Amended Complaint; deny the allegations contained in the second sentence of Paragraph 4 of the Amended Complaint.

5.      Admit the allegations contained in Paragraph 5 of the Amended Complaint.

6.      Admit the allegations contained in the second and third sentences of Paragraph 6 of the Amended Complaint; deny the allegations contained in the first sentence of Paragraph 6 of the Amended Complaint.

7.      Admit the allegations contained in the second and third sentences of Paragraph 7 of the Amended Complaint; deny the allegations contained in the first sentence of Paragraph 7 of the Amended Complaint.

8.      Admit that Vaughan R. Erickson and Linda H. Erickson reside at 35 N 1480 E, Springville, Utah 84663; otherwise deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 8 of the Amended Complaint; admit the allegations contained in the third and fourth sentences of Paragraph 8 of the Amended Complaint; deny knowledge or information sufficient to form a belief concerning the allegations contained in the second sentence of Paragraph 8 of the Amended Complaint.

9.      Admit that Windriver is a Utah limited liability company which has a place of business at 6322 S 3000 E, Suite 340, Salt Lake City, Utah 84121; otherwise deny

DELI 51780-1

knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 9 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 9 of the Amended Complaint.

10. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first and second sentences of Paragraph 10 of the Amended Complaint; admit the allegations contained in the third and fourth sentences of Paragraph 10 of the Amended Complaint.

11. Admit upon information and belief that Glenn J. Boschetto maintains a residence at 1031 Douglas Street, Salt Lake City, Utah 84105; otherwise deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 11 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 11 of the Amended Complaint; deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the last sentence of Paragraph 11 of the Amended Complaint.

12. Admit the allegations contained in the second, third, and fourth sentences of Paragraph 12 of the Amended Complaint; deny the allegations contained in the first sentence of Paragraph 12 of the Amended Complaint.

13. Admit the allegations contained in the second and third sentences of Paragraph 13 of the Amended Complaint; deny the allegations contained in the first sentence of Paragraph 13 of the Amended Complaint.

14. Admit the allegations contained in the second and third sentences of Paragraph 14 of the Amended Complaint; deny the allegations contained in the first sentence of Paragraph 14 of the Amended Complaint.

DEL1 51780-1

15.     Admit the allegations contained in Paragraph 15 of the Amended Complaint.

16.     Admit the allegations contained in the second and third sentences of Paragraph 16 of the Amended Complaint; deny the allegations contained in the first sentence of Paragraph 16 of the Amended Complaint.

17.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 17 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 17 of the Amended Complaint.

18.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 18 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 18 of the Amended Complaint.

19.     Deny the allegations contained in the first sentence of Paragraph 19 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 19 of the Amended Complaint.

20.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 20 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 20 of the Amended Complaint.

21.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 21 of the Amended Complaint; admit the allegations contained in the second sentence of Paragraph 21 of the

DEL1 51780-1

Amended Complaint; admit that Mr. and Mrs. Bizzaro sold 1,000,000 shares of Enrich Common Stock; otherwise deny the allegations contained in Paragraph 21 of the Amended Complaint.

22. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 22 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 22 of the Amended Complaint.

23. Deny the allegations contained in the first sentence of Paragraph 23 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 23 of the Amended Complaint.

24. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 24 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 24 of the Amended Complaint.

25. Deny the allegations contained in the first sentence of Paragraph 25 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 25 of the Amended Complaint.

26. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 26 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 26 of the Amended Complaint.

27. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 27 of the Amended

Complaint; admit the allegations contained in the second and third sentences of Paragraph 27 of the Amended Complaint.

28. Deny the allegations contained in the first sentence of Paragraph 28 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 28 of the Amended Complaint.

29. Deny the allegations contained in the first sentence of Paragraph 29 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 29 of the Amended Complaint.

30. Deny the allegations contained in the first sentence of Paragraph 30 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 30 of the Amended Complaint.

31. Deny the allegations contained in the first sentence of Paragraph 31 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 31 of the Amended Complaint.

32. Deny the allegations contained in the first sentence of Paragraph 32 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 32 of the Amended Complaint.

33. Deny the allegations contained in the first sentence of Paragraph 33 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 33 of the Amended Complaint.

34. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 34 of the Amended

DEL1 51780-1

Complaint; admit the allegations contained in the second and third sentences of Paragraph 34 of the Amended Complaint.

35.     Deny the allegations contained in the first sentence of Paragraph 35 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 35 of the Amended Complaint.

36.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 36 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 36 of the Amended Complaint.

37.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 37 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 37 of the Amended Complaint.

38.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 38 of the Amended Complaint; admit the allegations contained in the second sentence of Paragraph 38 of the Amended Complaint; admit that Mr. Larsen sold 47,956 shares of Enrich Common Stock and that he received an Initial Per Share Cash Payment totaling $142,910; otherwise deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the third sentence of Paragraph 38 of the Complaint.

39.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 39 of the Amended

Complaint; admit the allegations contained in the second and third sentences of Paragraph 39 of the Amended Complaint.

40. Deny the allegations contained in the first sentence of Paragraph 40 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 40 of the Amended Complaint.

41. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 41 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 41 of the Amended Complaint.

42. Deny the allegations contained in the first sentence of Paragraph 42 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 42 of the Amended Complaint.

43. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 43 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 43 of the Amended Complaint.

44. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 44 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 44 of the Amended Complaint.

45. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 45 of the Amended

DEL1 51780-1

Complaint; admit the allegations contained in the second and third sentences of Paragraph 45 of the Amended Complaint.

46. Deny the allegations contained in the first sentence of Paragraph 46 of the Amended Complaint; admit the allegations contained in the second sentence of Paragraph 46 of the Amended Complaint; admit that Ms. Stringham sold 23,977 shares of Enrich Common Stock and that she received an Initial Per Share Cash Payment totaling $71,453; otherwise deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the third sentence of Paragraph 46 of the Complaint.

47. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 47 of the Amended Complaint; admit the allegations contained in the second and third sentences of Paragraph 47 of the Amended Complaint.

48. Admit the allegations contained in the first and second sentences of Paragraph 48 of the Amended Complaint; admit that Kurt B. Larsen is a manager of NSI and a member of $G^3$ Holding; otherwise deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the third and fourth sentences of Paragraph 48 of the Amended Complaint.

49. Admit that the Indemnification Agreement permits jurisdiction over the parties in a Delaware District Court; admit that the amount in controversy exceeds $75,000; otherwise deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 49 of the Amended Complaint.

50. Deny the allegations contained in Paragraph 50 of the Amended Complaint to the extent it alleges that the Former Enrich Shareholders agreed that "any action"

-10-

under the Indemnification Agreement "would be" heard and determined by the federal district court sitting in Wilmington, Delaware, and respectfully refer the Court to Section 6(p) of the Indemnification Agreement for a complete and accurate statement of its contents.

51. Admit the allegations contained in Paragraph 51 of the Amended Complaint, except respectfully refer the Court to Section 6(p) of the Indemnification Agreement for a complete and accurate statement of its contents.

52. Admit the allegations contained in Paragraph 52 of the Amended Complaint, except deny knowledge or information as to the propriety of venue in this district, and respectfully refer the Court to Section 14 of the Agreements of Guaranty for a complete and accurate statement of their contents.

53. Admit the allegations contained in Paragraph 53 of the Amended Complaint.

54. Admit the allegations contained in Paragraph 54 of the Amended Complaint.

55. Admit that the Former Enrich Shareholders entered into an Indemnification Agreement, and respectfully refer the Court to the Indemnification Agreement for a complete and accurate statement of its contents.

56. Admit that the Former Enrich Shareholders entered into an Indemnification Agreement; deny the existence of a Section 1.4(b)(i) in the Indemnification Agreement; and respectfully refer the Court to the Indemnification Agreement for a complete and accurate statement of its contents.

57. Admit that the Former Enrich Shareholders entered into an Indemnification Agreement; deny the existence of a Section 1.4(b)(i) in the Indemnification

-11-

Agreement; and respectfully refer the Court to the Indemnification Agreement for a complete and accurate statement of its contents.

58.     Admit that the Former Enrich Shareholders entered into an Indemnification Agreement; deny the characterization of Section 4(b)(ii)(A) of the Indemnification Agreement; and respectfully refer the Court to Section 4(b)(ii)(A) of the Indemnification Agreement for a complete and accurate statement of its contents.

59.     Admit that the Former Enrich Shareholders entered into an Indemnification Agreement; deny the characterization of Section 4(b)(ii)(D) of the Indemnification Agreement; and respectfully refer the Court to Section 4(b)(ii)(D) of the Indemnification Agreement for a complete and accurate statement of its contents.

60.     Admit that the Former Enrich Shareholders entered into an Indemnification Agreement; admit that a portion of the Indemnification Agreement is accurately quoted subject to ellipses in Paragraph 60 of the Amended Complaint; and respectfully refer the Court to the Indemnification Agreement for a complete and accurate statement of its contents.

61.     Admit that the Former Enrich Shareholders entered into an Indemnification Agreement; deny the characterization of Section 4(b)(i) of the Indemnification Agreement; and respectfully refer the Court to Section 4(b)(i) of the Indemnification Agreement for a complete and accurate statement of its contents.

62.     Admit that the Former Enrich Shareholders entered into an Indemnification Agreement; deny the characterization of Section 4(b)(iii) of the Indemnification Agreement; and respectfully refer the Court to Section 4(b)(iii) of the Indemnification Agreement for a complete and accurate statement of its contents.

-12-

63.     Admit that the Former Enrich Shareholders entered into an Indemnification Agreement; deny the characterization of Section 4(b)(iii) of the Indemnification Agreement; and respectfully refer the Court to Section 4(b)(iii) of the Indemnification Agreement for a complete and accurate statement of its contents.

64.     Deny the allegations contained in Paragraph 64 of the Amended Complaint.

65.     Deny the allegations contained in Paragraph 65 of the Amended Complaint.

66.     Admit the allegations contained in Paragraph 66 of the Amended Complaint, except deny that the representations and warranties are summarized in relevant part in the Amended Complaint, and respectfully refer the Court to the Merger Agreement for a complete and accurate statement of its contents.

67.     Admit that Enrich made certain representations and warranties related to its Financial Statements in Section 3.5 of the Merger Agreement, and respectfully refer the Court to Section 3.5 of the Merger Agreement for a complete and accurate statement of its contents.

68.     Admit that Enrich made certain representations and warranties related to its Financial Statements in Section 3.5 of the Merger Agreement, and respectfully refer the Court to Section 3.5 of the Merger Agreement for a complete and accurate statement of its contents.

69.     Admit that Enrich made certain representations and warranties related to its Financial Statements in Section 3.8 of the Merger Agreement, and respectfully refer the Court to Section 3.8 of the Merger Agreement for a complete and accurate statement of its contents.

DELI 51780-1

70.     Admit that Enrich made certain representations and warranties related to taxes in Section 3.8 of the Merger Agreement, and respectfully refer the Court to Section 3.8 of the Merger Agreement for a complete and accurate statement of its contents.

71.     Admit that Enrich made certain representations and warranties related to taxes in Section 3.8 of the Merger Agreement, and respectfully refer the Court to Section 3.8 of the Merger Agreement for a complete and accurate statement of its contents.

72.     Admit that Enrich made certain representations and warranties related to taxes in Section 3.8 of the Merger Agreement, and respectfully refer the Court to Section 3.8 of the Merger Agreement for a complete and accurate statement of its contents.

73.     Admit that a portion of the Merger Agreement is accurately quoted in Paragraph 73 of the Amended Complaint, and respectfully refer the Court to the Merger Agreement for a complete and accurate statement of its contents.

74.     Admit, upon information and belief, the allegations contained in Paragraph 74 of the Amended Complaint.

75.     Deny the allegations contained in Paragraph 75 of the Amended Complaint to the extent it alleges that all the representations and warranties of Enrich in the Merger Agreement survived the Closing, and respectfully refer the Court to Section 8.2 of the Merger Agreement for a complete and accurate statement of its contents.

76.     Admit, upon information and belief, the allegations contained in Paragraph 76 of the Amended Complaint.

77.     Admit that the Former Enrich Shareholders entered into a Merger Agreement; deny the characterization of Section 1.3(a)(xi) of the Merger Agreement; and

-14-

respectfully refer the Court to Section 1.3(a)(xi) of the Merger Agreement for a complete and accurate statement of its contents.

78. Admit that the Former Enrich Shareholders entered into a Merger Agreement; otherwise deny the allegations contained in Paragraph 78 of the Amended Complaint.

79. Admit that the Shareholders' Representative received a Claim Notice purporting to demand indemnification on or about December 20, 2001; otherwise deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 79 of the Amended Complaint.

80. Admit that Numico engaged in some discussion and provided some documents and other information to the Shareholders' Representative relating to the purported claims in Numico's Claim Notice; otherwise deny the allegations contained in Paragraph 80 of the Amended Complaint.

81. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 81 of the Amended Complaint, except admit that Numico sent a Supplemental Claim Notice to the Shareholders' Representative on or about April 26, 2002.

82. Admit that the Supplemental Claim Notice purported to demand indemnification from the Former Enrich Shareholders for certain losses allegedly sustained by Numico; otherwise deny the allegations contained in Paragraph 82 of the Amended Complaint.

83. Deny the allegations contained in Paragraph 83 of the Amended Complaint, except admit that Numico engaged in some discussions and exchanged some

-15-

documents and other information with the Shareholders' Representative with respect to Numico's purported demands for indemnification under the Indemnification Agreement.

84.     Deny the allegations contained in Paragraph 84 of the Amended Complaint.

85.     Deny the allegations contained in Paragraph 85 of the Amended Complaint.

86.     Deny the allegations contained in Paragraph 86 of the Amended Complaint.

87.     Deny the allegations contained in Paragraph 87 of the Amended Complaint.

88.     Repeat and reallege their responses to the allegations contained in Paragraphs 1 through 87 of the Amended Complaint as if fully stated in this Paragraph.

89.     Deny the allegations contained in Paragraph 89 of the Amended Complaint.

90.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 90 of the Amended Complaint.

91.     Deny the allegations contained in Paragraph 91 of the Amended Complaint.

92.     Deny the allegations contained in Paragraph 92 of the Amended Complaint to the extent they allege that Enrich had insufficient reserves for expired and/or obsolete inventory for Enrich's foreign operations; otherwise deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 92 of the Amended Complaint.

DEL1 51780-1

93. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 93 of the Amended Complaint.

94. Deny the allegations contained in Paragraph 94 of the Amended Complaint.

95. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 95 of the Amended Complaint.

96. Deny the allegations contained in Paragraph 96 of the Amended Complaint.

97. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in the first sentence of Paragraph 97 of the Amended Complaint; deny the allegations contained in the second sentence of Paragraph 97 of the Amended Complaint.

98. Deny the allegations contained in Paragraph 98 of the Amended Complaint.

99. Deny the allegations contained in Paragraph 99 of the Amended Complaint.

100. Deny the allegations contained in Paragraph 100 of the Amended Complaint.

101. Deny the allegations contained in Paragraph 101 of the Amended Complaint.

102. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 102 of the Amended Complaint.

DEL1 51780-1

103. Deny the allegations contained in Paragraph 103 of the Amended Complaint.

104. Deny the allegations contained in Paragraph 104 of the Amended Complaint.

105. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 105 of the Amended Complaint.

106. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 106 of the Amended Complaint.

107. Deny the allegations contained in Paragraph 107 of the Amended Complaint.

108. Deny the allegations contained in Paragraph 108 of the Amended Complaint.

109. Deny the allegations contained in Paragraph 109 of the Amended Complaint.

110. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 110 of the Amended Complaint.

111. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 111 of the Amended Complaint.

112. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 112 of the Amended Complaint.

113. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 113 of the Amended Complaint.

DELI 51780-1

114.     Deny the allegations contained in Paragraph 114 of the Amended
Complaint.

115.     Deny the allegations contained in Paragraph 115 of the Amended
Complaint.

116.     Deny the allegations contained in Paragraph 116 of the Amended
Complaint.

117.     Deny the allegations contained in Paragraph 117 of the Amended
Complaint.

118.     Deny knowledge or information sufficient to form a belief concerning the
truth of the allegations contained in Paragraph 118 of the Amended Complaint.

119.     Admit that Enrich used the MLM and BAAN systems; deny knowledge or
information sufficient to form a belief concerning the truth of the allegations contained in the
first two sentences of Paragraph 119 of the Amended Complaint; otherwise deny the allegations
contained in Paragraph 119 of the Amended Complaint.

120.     Deny the allegations contained in Paragraph 120 of the Amended
Complaint.

121.     Deny the allegations contained in Paragraph 121 of the Amended
Complaint.

122.     Deny knowledge or information sufficient to form a belief concerning the
truth of the allegations contained in Paragraph 122 of the Amended Complaint.

123.     Deny knowledge or information sufficient to form a belief concerning the
truth of the allegations contained in Paragraph 123 of the Amended Complaint.

124.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 124 of the Amended Complaint.

125.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 125 of the Amended Complaint.

126.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 126 of the Amended Complaint.

127.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 127 of the Amended Complaint.

128.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 128 of the Amended Complaint.

129.    Deny the allegations contained in Paragraph 129 of the Amended Complaint.

130.    Deny the allegations contained in Paragraph 130 of the Amended Complaint.

131.    Deny the allegations contained in Paragraph 131 of the Amended Complaint.

132.    Deny the allegations contained in Paragraph 132 of the Amended Complaint.

133.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 133 of the Amended Complaint.

134.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 134 of the Amended Complaint, except deny that

DEL1 51780-1

Mr. Bin Jaya's interest in the Malaysian Subsidiary was not reflected in Enrich's Financial Statements as required under GAAP.

135.    Deny the allegations contained in Paragraph 135 of the Amended Complaint.

136.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 136 of the Amended Complaint.

137.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 137 of the Amended Complaint.

138.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 138 of the Amended Complaint.

139.    Deny the allegations contained in Paragraph 139 of the Amended Complaint.

140.    Deny the allegations contained in Paragraph 140 of the Amended Complaint.

141.    Deny the allegations contained in Paragraph 141 of the Amended Complaint.

142.    Deny the allegations contained in Paragraph 142 of the Amended Complaint.

143.    Deny the allegations contained in Paragraph 143 of the Amended Complaint.

144.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 144 of the Amended Complaint.

DEL1 51780-1

145.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 145 of the Amended Complaint.

146.    Deny the allegations contained in Paragraph 146 of the Amended Complaint to the extent they allege that Enrich's Financial Statements were not prepared in accordance with GAAP applied on a consistent basis; otherwise deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 146 of the Amended Complaint.

147.    Deny the allegations contained in Paragraph 147 of the Amended Complaint.

148.    Respectfully do not respond to the allegations contained in Paragraph 148 of the Amended Complaint because the claims relating to those allegations were dismissed pursuant to the Court's March 31, 2003 Memorandum and Order, as well as the Court's April 30, 2003 Order, which denied Plaintiffs' motion for reconsideration.

149.    Respectfully do not respond to the allegations contained in Paragraph 149 of the Amended Complaint because the claims relating to those allegations were dismissed pursuant to the Court's March 31, 2003 Memorandum and Order, as well as the Court's April 30, 2003 Order, which denied Plaintiffs' motion for reconsideration.

150.    Deny the allegations contained in Paragraph 150 of the Amended Complaint.

151.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 151 of the Amended Complaint.

152.    Deny the allegations contained in Paragraph 152 of the Amended Complaint.

-22-

153.     Deny the allegations contained in Paragraph 153 of the Amended Complaint.

154.     Deny the allegations contained in Paragraph 154 of the Amended Complaint.

155.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 155 of the Amended Complaint.

156.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 156 of the Amended Complaint.

157.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 157 of the Amended Complaint.

158.     Deny the allegations contained in Paragraph 158 of the Amended Complaint.

159.     Deny the allegations contained in Paragraph 159 of the Amended Complaint.

160.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 160 of the Amended Complaint.

161.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 161 of the Amended Complaint.

162.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 162 of the Amended Complaint.

163.     Deny the allegations contained in Paragraph 163 of the Amended Complaint.

DEL1 51780-1

164.     Deny the allegations contained in Paragraph 164 of the Amended Complaint.

165.     Deny the allegations contained in Paragraph 165 of the Amended Complaint.

166.     Deny the allegations contained in Paragraph 166 of the Amended Complaint.

167.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 167 of the Amended Complaint.

168.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 168 of the Amended Complaint.

169.     Deny the allegations contained in Paragraph 169 of the Amended Complaint.

170.     Deny the allegations contained in Paragraph 170 of the Amended Complaint.

171.     Deny the allegations contained in Paragraph 171 of the Amended Complaint.

172.     Deny the allegations contained in Paragraph 172 of the Amended Complaint, except admit that Numico has purported to demand that the Former Enrich Shareholders indemnify it for certain alleged losses it has purportedly sustained in excess of the $1 Million Threshold.

173.     Deny the allegations contained in Paragraph 173 of the Amended Complaint.

DEL1 51780-1

174. Deny the allegations contained in Paragraph 174 of the Amended Complaint.

175. Repeat and reallege their responses to the allegations contained in Paragraphs 1 through 87 of the Amended Complaint as if fully stated in this Paragraph.

176. Respectfully do not respond to the allegations contained in Paragraphs 176 through 198 of the Amended Complaint because Count II was dismissed pursuant to the Court's March 31, 2003 Memorandum and Order, as well as the Court's April 30, 2003 Order, which denied Plaintiffs' motion for reconsideration.

199. Repeat and reallege their responses to the allegations contained in Paragraphs 1 through 87 of the Amended Complaint as if fully stated in this Paragraph.

200. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 200 of the Amended Complaint.

201. Deny the allegations contained in Paragraph 201 of the Amended Complaint, except admit that Numico has purported to demand that the Former Enrich Shareholders indemnify Numico for the alleged losses it has sustained related to the Enrich Dissenting Shareholders Matters pursuant to Section 4(b)(ii)(A) of the Indemnification Agreement.

202. Deny the allegations contained in Paragraph 202 of the Amended Complaint.

203. Deny the allegations contained in Paragraph 203 of the Amended Complaint.

204. Repeat and reallege their responses to the allegations contained in Paragraphs 1 through 87 of the Amended Complaint as if fully stated in this Paragraph.

-25-

205.     Deny the allegations contained in Paragraph 205 of the Amended
Complaint.

206.     Deny the allegations contained in Paragraph 206 of the Amended
Complaint, except admit that Numico has purported to demand that the Former Enrich
Shareholders indemnify Numico for certain alleged losses it has purportedly sustained as a result
of the Bulavchenko Matters.

207.     Deny the allegations contained in Paragraph 207 of the Amended
Complaint.

208.     Deny the allegations contained in Paragraph 208 of the Amended
Complaint.

209.     Repeat and reallege their responses to the allegations contained in
Paragraphs 1 through 87 of the Amended Complaint as if fully stated in this Paragraph.

210.     Deny knowledge or information sufficient to form a belief concerning the
truth of the allegations contained in Paragraph 210 of the Amended Complaint, except admit that
in connection with Numico's acquisition of Enrich, on or about February 29, 2000, Nutricia Utah
entered into an Agreement of Guaranty with Glenn J. Boschetto (the "Boschetto Guaranty").

211.     Admit the allegations contained in Paragraph 211 of the Amended
Complaint, except respectfully refer the Court to Section 2 of the Boschetto Guaranty for a
complete and accurate statement of its contents.

212.     Admit the allegations contained in Paragraph 212 of the Amended
Complaint, except respectfully refer the Court to Section 4 of the Boschetto Guaranty for a
complete and accurate statement of its contents.

-26-

213.     Admit the allegations contained in Paragraph 213 of the Amended Complaint, except respectfully refer the Court to Section 5 of the Boschetto Guaranty for a complete and accurate statement of its contents.

214.     Admit the allegations contained in Paragraph 214 of the Amended Complaint, except respectfully refer the Court to Section 6 of the Boschetto Guaranty for a complete and accurate statement of its contents.

215.     Admit the allegations contained in Paragraph 215 of the Amended Complaint, except respectfully refer the Court to Section 7 of the Boschetto Guaranty for a complete and accurate statement of its contents.

216.     Deny the allegations contained in Paragraph 216 of the Amended Complaint.

217.     Deny the allegations contained in Paragraph 217 of the Amended Complaint.

218.     Deny the allegations contained in Paragraph 218 of the Amended Complaint.

219.     Deny the allegations contained in Paragraph 219 of the Amended Complaint.

220.     Deny the allegations contained in Paragraph 220 of the Amended Complaint.

221.     Deny the allegations contained in Paragraph 221 of the Amended Complaint.

222.     Repeat and reallege their responses to the allegations contained in Paragraphs 1 through 87 of the Amended Complaint as if fully stated in this Paragraph.

DELI 51780-1

223.    Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 223 of the Amended Complaint, except admit that in connection with Numico's acquisition of Enrich, on or about February 29, 2000, Nutricia Utah entered into an Agreement of Guaranty with Kenneth Brailsford (the "Brailsford Guaranty").

224.    Admit the allegations contained in Paragraph 224 of the Amended Complaint, except respectfully refer the Court to Section 2 of the Brailsford Guaranty for a complete and accurate statement of its contents.

225.    Admit the allegations contained in Paragraph 225 of the Amended Complaint, except respectfully refer the Court to Section 4 of the Brailsford Guaranty for a complete and accurate statement of its contents.

226.    Admit the allegations contained in Paragraph 226 of the Amended Complaint, except respectfully refer the Court to Section 5 of the Brailsford Guaranty for a complete and accurate statement of its contents.

227.    Admit the allegations contained in Paragraph 227 of the Amended Complaint, except respectfully refer the Court to Section 6 of the Brailsford Guaranty for a complete and accurate statement of its contents.

228.    Admit the allegations contained in Paragraph 228 of the Amended Complaint, except respectfully refer the Court to Section 7 of the Brailsford Guaranty for a complete and accurate statement of its contents.

229.    Deny the allegations contained in Paragraph 229 of the Amended Complaint.

230.    Deny the allegations contained in Paragraph 230 of the Amended Complaint.

-28-

231.     Deny the allegations contained in Paragraph 231 of the Amended Complaint.

232.     Deny the allegations contained in Paragraph 232 of the Amended Complaint.

233.     Deny the allegations contained in Paragraph 233 of the Amended Complaint.

234.     Deny the allegations contained in Paragraph 234 of the Amended Complaint.

235.     Repeat and reallege their responses to the allegations contained in Paragraphs 1 through 87 of the Amended Complaint as if fully stated in this Paragraph.

236.     Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 236 of the Amended Complaint, except admit that in connection with Numico's acquisition of Enrich, on or about February 29, 2000, Nutricia Utah entered into an Agreement of Guaranty with Kurt B. Larsen (the "Larsen/NSI Guaranty").

237.     Admit the allegations contained in Paragraph 237 of the Amended Complaint, except respectfully refer the Court to Section 2 of the Larsen/NSI Guaranty for a complete and accurate statement of its contents.

238.     Admit the allegations contained in Paragraph 238 of the Amended Complaint, except respectfully refer the Court to Section 4 of the Larsen/NSI Guaranty for a complete and accurate statement of its contents.

239.     Admit the allegations contained in Paragraph 239 of the Amended Complaint, except respectfully refer the Court to Section 5 of the Larsen/NSI Guaranty for a complete and accurate statement of its contents.

-29-

240. Admit the allegations contained in Paragraph 240 of the Amended Complaint, except respectfully refer the Court to Section 6 of the Larsen/NSI Guaranty for a complete and accurate statement of its contents.

241. Admit the allegations contained in Paragraph 241 of the Amended Complaint, except respectfully refer the Court to Section 7 of the Larsen/NSI Guaranty for a complete and accurate statement of its contents.

242. Deny the allegations contained in Paragraph 242 of the Amended Complaint.

243. Deny the allegations contained in Paragraph 243 of the Amended Complaint.

244. Deny the allegations contained in Paragraph 244 of the Amended Complaint.

245. Deny the allegations contained in Paragraph 245 of the Amended Complaint.

246. Deny the allegations contained in Paragraph 246 of the Amended Complaint.

247. Deny the allegations contained in Paragraph 247 of the Amended Complaint.

248. Repeat and reallege their responses to the allegations contained in Paragraphs 1 through 87 of the Amended Complaint as if fully stated in this Paragraph.

249. Deny knowledge or information sufficient to form a belief concerning the truth of the allegations contained in Paragraph 249 of the Amended Complaint, except admit that

-30-

in connection with Numico's acquisition of Enrich, on or about February 29, 2000, Nutricia Utah entered into an Agreement of Guaranty with Kurt B. Larsen (the "Larsen/G$^3$ Holding Guaranty").

250. Admit the allegations contained in Paragraph 250 of the Amended Complaint, except respectfully refer the Court to Section 2 of the Larsen/G$^3$ Holding Guaranty for a complete and accurate statement of its contents.

251. Admit the allegations contained in Paragraph 251 of the Amended Complaint, except respectfully refer the Court to Section 4 of the Larsen/G$^3$ Holding Guaranty for a complete and accurate statement of its contents.

252. Admit the allegations contained in Paragraph 252 of the Amended Complaint, except respectfully refer the Court to Section 5 of the Larsen/G$^3$ Holding Guaranty for a complete and accurate statement of its contents.

253. Admit the allegations contained in Paragraph 253 of the Amended Complaint, except respectfully refer the Court to Section 6 of the Larsen/G$^3$ Holding Guaranty for a complete and accurate statement of its contents.

254. Admit the allegations contained in Paragraph 254 of the Amended Complaint, except respectfully refer the Court to Section 7 of the Larsen/G$^3$ Holding Guaranty for a complete and accurate statement of its contents.

255. Deny the allegations contained in Paragraph 255 of the Amended Complaint.

256. Deny the allegations contained in Paragraph 256 of the Amended Complaint.

257. Deny the allegations contained in Paragraph 257 of the Amended Complaint.

DELI 51780-1

258. Deny the allegations contained in Paragraph 258 of the Amended Complaint.

259. Deny the allegations contained in Paragraph 259 of the Amended Complaint.

260. Deny the allegations contained in Paragraph 260 of the Amended Complaint.

## GENERAL DENIAL

261. Except as otherwise expressly recognized in Paragraphs 1 through 260, above, the Former Enrich Shareholders deny each and every allegation contained in Paragraphs 1 through 260 of the Amended Complaint, including, without limitation, the headings and subheadings contained in the Amended Complaint, and specifically deny any liability to Plaintiffs, or that Plaintiffs have suffered any legally cognizable damages for which the Former Enrich Shareholders are responsible. Pursuant to Rule 8(d) of the Federal Rules of Civil Procedure, averments in the Amended Complaint to which no responsive pleading is required shall be deemed denied. The Former Enrich Shareholders expressly reserve the right to amend and/or supplement their Answer.

## AFFIRMATIVE DEFENSES

262. The statement of any defense hereinafter does not assume the burden of proof for any issue as to which applicable law places the burden upon plaintiffs. The Former Enrich Shareholders expressly reserve the right to amend and/or supplement their affirmative and other defenses.

DELI 51780-1

## FIRST AFFIRMATIVE DEFENSE

263.     Plaintiffs have failed to state a claim against the Former Enrich Shareholders upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

264.     Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs have failed to comply with their obligations under the Indemnification Agreement, the Merger Agreement, or any related agreement.

## THIRD AFFIRMATIVE DEFENSE

265.     Plaintiffs' claims are barred, in whole or in part, to the extent that the claims for indemnification were properly disclosed on the Disclosure Schedule.

## FOURTH AFFIRMATIVE DEFENSE

266.     Plaintiffs' claims are barred, in whole or in part, for Plaintiffs' failure to "act reasonably and in good faith" in pursuing their claims, as required under Section 4(e) of the Indemnification Agreement.

## FIFTH AFFIRMATIVE DEFENSE

267.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs did not provide the Former Enrich Shareholders with adequate notice and/or an opportunity to defend against third party claims.

## SIXTH AFFIRMATIVE DEFENSE

268.     Plaintiffs' claims are barred, in whole or in part, to the extent that the damages claimed and/or claims alleged to not have been disclosed are immaterial.

## SEVENTH AFFIRMATIVE DEFENSE

DEL1 51780-1

269.    Plaintiffs' claims are barred, in whole or in part, for Plaintiffs' breach of the implied covenant of good faith and fair dealing.

## EIGHTH AFFIRMATIVE DEFENSE

270.    Plaintiffs' claims are barred, in whole or in part, by reason of off-sets.

## NINTH AFFIRMATIVE DEFENSE

271.    Plaintiffs have failed to mitigate any damages and/or "Losses," and, to the extent Plaintiffs have failed to mitigate their damages and/or "Losses," Plaintiffs claimed are barred.

## TENTH AFFIRMATIVE DEFENSE

272.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of estoppel.

## ELEVENTH AFFIRMATIVE DEFENSE

273.    Plaintiffs' claims are barred, in whole or in part, by reason of waiver.

## TWELFTH AFFIRMATIVE DEFENSE

274.    Plaintiffs' claims are barred, in whole or in part, to the extent that the statute of limitations has expired and/or by reason of laches.

Dated:  July 7, 2003

KLEHR, HARRISON, HARVEY,
BRANZBURG & ELLERS LLP

David S. Eagle (I.D. No. 3387)
919 Market Street, Suite 1000
Wilmington, Delaware  19801
Tel: (302) 426-1189
Fax: (302) 426-9193

- and -

DELI 51780-1

SCHULTE ROTH & ZABEL LLP
Howard O. Godnick
William H. Gussman, Jr.
919 Third Avenue
New York, New York 10022
Tel: (212) 756-2000
Fax: (212) 593-5955

Attorneys for Defendants

## CERTIFICATE OF SERVICE

I, David S. Eagle, hereby certify that on July 7, 2003, two copies of the foregoing

Defendants' Answer to Amended Complaint were served upon counsel listed below in the

manner indicated:

**VIA HAND DELIVERY**

Kevin G. Abrams
Thad J. Bracegirdle
Richards, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899

**VIA FEDERAL EXPRESS**

Karen P. Layng
Bruce A. Radke
Vedder, Price, Kaufman & Kammholz
222 North Lasalle Street, Suite 2600
Chicago, Illinois 60601

David S. Eagle (I.D. No. 3387)

FILED
CLERK U.S. DISTRICT COURT
DISTRICT OF DELAWARE

2003 JUL -7  PM 3: 11